UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAYARTO PERKINS,

       Plaintiff,                            Case No. 2:05-cv-288

v.                                        HON. GORDON J. QUIST

THOMAS PRISK, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Assistant Chaplain Thomas Prisk and Special Activities Coordinator Dave J. Burnett. Plaintiff has filed a request for a temporary restraining order and preliminary injunction, alleging that Defendants have violated his First Amendment right to free exercise of religion by denying him a Kosher diet.

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

    1.    Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

    2.    Whether the movant has shown irreparable injury.

        3.      Whether the preliminary injunction could harm third parties.

        4.      Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff alleges that the defendants have violated his First Amendment right to free exercise of religion by denying him a Kosher diet. A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights. Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief. Plaintiff's Exhibit 9, which is attached to Plaintiff's amended complaint (docket #19), includes a copy of a June 21, 2005 memorandum from Defendant Burnett to Warden Gerald Hofbauer. According to this memorandum, Plaintiff has a history with the Kosher menu request process.

> [Plaintiff Perkins] was reviewed for Kosher accommodations and was denied on 10/19/01 and 4/24/03. He had "converted" to Judaism on 10/8/01. However, since 2001, he has also been a member of the

>Nation of Islam, "Other" and Catholic. He "converted" back to Judaism on 6/6/05 as part of this Kosher request. Perkins was interviewed by Thomas Prisk, Assistant Chaplain. Prisk reports that Perkins requested the Kosher menu and a return to Judaism while sitting in a Catholic Service. This changing of faiths suggests that Perkins is not sincere in his pursuit of the practice of Judaism. Furthermore, Prisk reports that Perkins occasionally consulted a note that he kept in his left sleeve. That behavior suggests that Perkins is attempting to manipulate the system rather than to sincerely practice his faith. That behavior may also account for the fact that Perkins provided minimal information but some of his specific statements appear to be memorized sound bites without understanding. Many of his statements were rather general. It is questionable whether he understands keeping Kosher well enough to keep Kosher. With five years of "off again, on again" identification with the Jewish faith, his lack of understanding would suggest that he has not been sincere. Consequently, based on the information available to me, and based on the appearance that he has not been sincere in pursuit of the practice of his faith, and based on the perception that his knowledge is too limited for him to be able to keep Kosher, Perkins' request for Kosher accommodations is denied at this time.

Plaintiff makes a conclusory allegation that the denial of a Kosher diet is based on personal biased opinions and retaliatory motives. Plaintiff also claims that although he visited several different religious services while in prison, it was only as a guest and he has never considered himself to be anything other than Jewish. However, this assertion is undermined by the fact that Plaintiff actually completed a "Change of Religious Preference" form on December 11, 2002, changing his preference from Judaism to Nation of Islam, and on December 19, 2003, indicating that he wished to change his preference to Catholicism. (*See* Exhibits #7 and #8 to Defendants' Answer, docket #23.)

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket #2) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 30, 2006