UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

SHAYARTO PERKINS #184125

               Plaintiff,               Case No. 2:07-cv-288

v.                                      HON. R. ALLAN EDGAR

THOMAS PRISK AND DAVE BURNETT

               Defendant.
_____/

**MEMORANDUM**

       This case was tried as a bench trial on June 18, 2007.  This memorandum is the

Court's findings of fact and conclusions of law.  Plaintiff Shayarto Perkins is an inmate

in the Michigan Department of Corrections ("MDOC").  Defendant Tom Prisk is a

contract employee at Marquette Branch Prison, where he serves as Assistant Chaplain.

Defendant Dave Burnett is Special Activities Coordinator with the MDOC.  His office is

in Lansing, Michigan.  The defendants are sued in both their individual and official

capacities.

       Mr. Perkins is currently an inmate at Alger Maximum Security Facility.  At the

time of the event giving rise to this case, he was in inmate at Marquette Branch.

Perkins had a high security classification due to his generally troublesome prison

record, including an escape attempt in 1994, wherein he planned to escape from

MDOC's Kinross Correctional Facility via helicopter with the aid of a small pistol found

1

in the hollowed out heel of one of his boots.  In 2000, he began an effort to transfer out of Marquette to another facility,  but prison officials declined any transfer.

On June 4, 2005, Perkins requested a kosher diet, asserting that he is a convert to Judaism.  He was interviewed by Defendant Prisk on June 5, 2005.  Prisk  noted that when Perkins was questioned about the tenets of Judaism, he found it necessary to refer to a note tucked in the sleeve of his shirt.  Prisk's report to defendant Burnett did not recommend one way or the other that Perkins be accommodated with a kosher diet. On June 21, 2005, Mr Burnett denied the kosher request, basically concluding that Perkins was not sincere in his Judaic beliefs.  Mr Burnett based his decision on the following factors:

(1) Perkins has a multifaceted religious background.  When he entered the prison system, his presentence report listed him as "Protestant."  At various times, he has formally declared himself on official prison forms to be an adherent of the "Nation of Islam," "Catholic," and a follower of the "House of Yahweh," as well as of Judaism.  At one time he had his name changed to a Jewish sounding name, but has always been referred to in prison by the name,  Shayarto Perkins.  Prison records show that Perkins has attended religious services sponsored by these various faiths.  In fact, Perkins was attending a Roman Catholic service when he requested a kosher diet in June 2005. Additionally prison records show that Perkins was married by a Muslim cleric.

(2) Perkins did not seem to have a good grasp of the tenets of Judaism at the time of his June 2005 interview, and had to refer to his notes.

(3) In view of Perkins' background, it appeared to Burnett that Perkins was trying to obtain a prison transfer rather than to practice a faith sincerely.  Perkins knew that no

2

kosher diet was offered at Marquette, and that a kosher diet would have to be provided elsewhere in the MDOC.

Perkins makes three claims.  The Court will deal with these seriatim:

**I. Religious Land Use and Institutionalized Persons Act** (**RLUIPA**)  **42 U.S.C. 2000cc** - 1 *et seq.*

In general, RLUIPA prevents a government from imposing a substantial burden on institutionalized persons' religious activity.  However, while RLUIPA prevents courts from inquiring into whether a certain belief or practice is "central" to a prisoner's religious beliefs, it does not preclude an inquiry into the sincerity of those beliefs. *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005).  The Court here finds that Dave Burnett was fully justified in his conclusion that in 2005 Perkins' asserted Judaic religious beliefs were not sincere and that Mr. Perkins was just trying to get transferred from Marquette prison to a location where the MDOC provided a kosher diet.  In any event Burnett did not violate RLUIPA by denying Perkins a kosher diet in 2005.  Plaintiff has not carried his burden of proving that his religious exercise has been burdened.  See *Spratt* v *Rhode Island Dep't. Of Corrections*, 482 F.3d 33, 38 (1st Cir. 2007)

This conclusion is confirmed not only by the above recited facts, but by subsequent events.  In 2006, after Perkins had achieved more familiarity with Judaism, Burnett did approve Perkins for a kosher diet, and Perkins was moved to Alger Max, where that diet was provided.  There Perkins was, however, later removed from that diet for purposefully partaking of non kosher food.

Of course, since Mr. Prisk was not a decision-maker here, he cannot be found

liable under RLUIPA.

**II.  First Amendment Retaliation.**

Perkins here claims that he was denied a kosher diet in June 2005 in retaliation for his having filed a suit against defendant Prisk's supervisor.  The facts, however, reveal that neither Prisk nor Burnett was even aware that Perkins had made any claim against Prisk's supervisor.   Perkins, therefore, cannot demonstrate that the alleged adverse action was motivated by  his protected conduct.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  This claim, therefore, fails.

**III.  Race Discrimination-Equal Protection.**

Perkins has presented no evidence that Dave Burnett or Tom Prisk were in any way motivated by Perkins' race.  *See McCleskey v. Kemp,* 481 U.S. 279, 292-93 (1987); *Iacovone v. Wilkinson*, 2007 WL 490160, No. 2:03cv652 *4 (S.D. Ohio Feb. 8, 2007); *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992).  This claim must also fail.

A judgment will enter for the defendants.

Dated: 6/20/07                                         _____*/s/ R. Allan Edgar*_____
                                                                            R. ALLAN EDGAR
                                                                            UNITED STATES DISTRICT JUDGE